IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACY DEAN GRAY,       ) <br>     ID #00803844,       ) <br>         Petitioner,       ) <br> vs.                                  ) <br>                       ) <br> LORIE DAVIS, Director,       ) <br> Texas Department of Criminal   ) <br> Justice, Correctional Institutions Division,   ) <br>         Respondent.       ) | No. 3:18-CV-1509-D (BH) <br><br><br><br><br><br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Tracy Dean Gray (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his two convictions for aggravated robbery. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.     Trial**

On June 16, 1997, the State indicted Petitioner for aggravated robbery in Cause Nos. F97-49821 and F97-49822 in the 265th Judicial District Court of Dallas County, Texas. *See* www.dallascounty.org (search for petitioner). He pleaded not guilty and was tried before a jury on October 2, 1997.

Two men who were in Dallas on business went to a nightclub, where they met Petitioner.

They agreed to give him a ride in their rental car to go get jumper cables, and he directed them to a house. When they stopped, he produced a pistol, took their money, and fled in the rental car. The men then used a pay phone to report the robbery. A police officer saw the stolen vehicle in front of a motel. Shortly thereafter, Petitioner and a woman left the motel, got into the car, and drove away. The police stopped the car. Petitioner had a pistol, a wallet belonging to one of the men, a traveler's check, and approximately $1150 in cash. *See Gray v. State*, No. 08-97-00541-CR (Tex. App. – El Paso June 18, 1999).

The jury convicted Petitioner of aggravated robbery and sentenced him to 50 years' imprisonment in each case. (*See* doc. 3 at 2)[1]; *see* www.dallascounty.org (search for petitioner).

**B.     Post-Conviction Proceedings**

The judgments were affirmed on appeal. *See Gray v. State*, Nos. 08-97-00541-CR, 08-97-00543-CR (Tex. App. – El Paso June 18, 1999). His petitions for discretionary review were refused. *See Gray v. State*, PD-1326-99, PD-1328-99 (Tex. Crim. App. Oct. 6, 1999). He filed an undated motion for DNA testing of the pistol that was post-marked January 30, 2014, and received in the state district court on February 4, 2014. The motion was denied on April 12, 2015, because the pistol had been destroyed on November 1, 2013, and there was no evidence that could be subjected to a DNA test. *See* www.dallascounty.org (search for petitioner).

Petitioner filed state habeas applications that were received in the state district court on May 22, 2015, and denied on July 29, 2015. *See Ex parte Gray*, WR-53,142-02 and WR-53,142-03 (Tex. Crim. App. July 29, 2015). He filed additional state habeas applications that were received in the state district court on December 4, 2017, and were dismissed as subsequent applications under Texas

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Code of Criminal Procedure article 11.07, § 4. *See Ex parte Gray*, WR-53,142-05 and WR-53,142-06 (Tex. Crim. App. Feb. 7, 2018).

### C. Substantive Claims

Petitioner's federal habeas petition does not state when it was placed in the prison mail. His accompanying memorandum was signed on June 4, 2018. (*See* doc. 4 at 13.) The petition claims that (1) new evidence shows that he is actually innocent, based on a July 23, 1999 affidavit of a purported witness; (2) he received ineffective assistance of counsel for failure to investigate and discover that witness and for failure to file a motion for DNA testing of the pistol; and (3) there was a *Brady* violation when the State destroyed the pistol. (*See* doc. 3 at 6-7.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

### A. Calculation of One-Year Period

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2244(d)(1)(A)-(D).

The facts supporting Petitioner's claims of actual innocence and ineffective assistance of counsel for failure to investigate and failure to move for DNA testing either became known or could have become known prior to the date his judgment became final.[2] The petitions for discretionary review were refused on October 6, 1999. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, and his conviction became final on January 4, 2000, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). Petitioner therefore had until January 4, 2001, to file his federal habeas petition raising his claims of innocence and ineffective assistance of counsel, absent any tolling of the statute of limitations.

As for his claim of a *Brady* violation[3] based on the destruction of the pistol, the pistol was destroyed on November 1, 2013. Even assuming, without deciding, that the earliest date that the fact predicate for this claim could have been discovered through due diligence under § 2241(d)(1)(D)

---

[2] He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

[3] In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that a prosecutor must disclose evidence to a criminal defendant that is favorable to him and material to his guilt or punishment. There is no *Brady* violation if the defendant received the information in time to put it to effective use at trial. *See United States v. Walters*, 351 F.3d 159, 169 (5th Cir. 2003). Petitioner does not allege that he was unaware of the pistol prior to trial. The pistol was destroyed over 16 years after Petitioner was convicted.

4

was on April 12, 2015, when the motion for DNA testing was denied on the basis that there was nothing to test due to the destruction of the pistol, the federal habeas petition is still untimely. Petitioner had until April 12, 2016, to file his federal habeas petition for that claim, absent any tolling of the statute of limitations.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added).

Regarding Petitioner's claims of innocence and ineffective assistance of counsel, the motion for DNA testing and state habeas applications were filed after the limitations period had already expired, so they did not toll the limitations period for those claims. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period).

As for Petitioner's *Brady* claim, the first state habeas applications were signed and deemed filed on May 15, 2015, and they were denied on July 29, 2015. The limitations period was tolled for the 76 days while those habeas applications were pending, making his federal petition due no later than June 27, 2016. Petitioner's next state habeas applications were signed and deemed filed on November 27, 2017. Because the limitations period had already expired, the second set of habeas applications did not toll the limitations period for the *Brady* claims *See Scott*, 227 F.3d at 263.

As discussed, Petitioner had until January 4, 2001, to raise his claims of innocence and ineffective assistance of counsel, and until June 27, 2016, to raise his *Brady* claim. He filed his

5

§ 2254 petition on June 4, 2018, the date that he signed the memorandum that accompanied his petition.[4] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely for all of his claims.

C.     **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner

---

[4]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. His convictions became final in January 2000, almost six months after the execution of the July 1999 affidavit on which he relies for some of his claims. He did not pursue any post-conviction remedies until over 15 years after his convictions became final. He has not shown that he has pursued his rights diligently, and he has failed to meet his burden to show that he is entitled to equitable tolling of the federal statute of limitations.

D.   **Actual Innocence**

Petitioner contends that he is actually innocent.

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that

7

was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id*. at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner asserts that the affidavit of the purported witness that was signed on July 23, 1999, shows that he is innocent. According to the witness, he was at a street corner on the date of the offense and saw three men drive up in a car to a house on the corner. They exited the car and walked toward the house. About one minute later, one of the men ran back to the car and drove away. The two other men walked out of the yard toward the witness and told the witness that they were from out of town, and that the other man had just stolen their car. They asked where they could find a phone. The two men either called the police or flagged down a police officer. The witness did not see the three men quarrel, and he did not see the man who drove away exhibit or use a weapon during the incident. (*See* doc. 3 at 12-14.)

The affidavit does not show that Petitioner is actually innocent. The witness only stated that he did not see a quarrel and he did not see Petitioner use or exhibit a firearm. He did not state that he observed the three men the entire time during the offense, and that Petitioner did not use or exhibit a firearm. The offense occurred in the early morning hours, and the witness was standing far enough away that the two victims had to walk across the yard towards him. There was evidence that the Petitioner produced a pistol during the robberies, and that shortly thereafter, the police found Petitioner in the men's car in possession of a pistol, $1150 in cash, a wallet belonging to one of the men, and traveler's check. Petitioner has not shown that it is more likely than not that no rational

8

fact-finder would have found him guilty beyond a reasonable doubt in light of all the new evidence and the evidence presented at trial, so he has not shown that the untimeliness of his federal petition should be excused.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 31st day of August, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE